Andrew Baum (AB-3783)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3527
Fax: (212) 687-2329

*Attorneys for Plaintiffs*
Havas Worldwide New York, Inc.
and TD Ameritrade Services Company, Inc.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAVAS WORLDWIDE NEW YORK, INC. and TD AMERITRADE SERVICES COMPANY, INC.<br><br>Plaintiffs,<br><br>v.<br><br>LIONS GATE ENTERTAINMENT INC.,<br><br>Defendant, | CIVIL ACTION NO. |

**COMPLAINT**

As and for its Complaint against Lions Gate Entertainment Inc. ("Lionsgate") in this action, plaintiffs Havas Worldwide New York, Inc. and TD Ameritrade Services Company, Inc. allege as follows:

**INTRODUCTION**

1.     This is an action for declaratory relief under 28 U.S.C. §§ 2201 and 2202. Plaintiffs bring this action to put to rest the baseless, overreaching claims asserted by Lionsgate, which owns the motion picture *Dirty Dancing*. Lionsgate insists that advertisements for TD Ameritrade, which used a cartoon image of a man holding a piggy bank above his head and used

the tagline "Nobody puts your old 401(k) in the corner," infringed or diluted Lionsgate's trademark rights or constituted some form of unfair competition.

2. These advertisements used no clips, stills, music or dialogue from *Dirty Dancing*. The ad campaign ended in April, 2015, and there is no evidence that anyone was confused while the advertisements ran.  Nevertheless, Lionsgate has expressly threatened to sue Havas and TD Ameritrade unless they pay a very substantial "license fee."   Plaintiffs seek a judgment declaring that Lionsgate's claims are invalid and that there is no basis for any monetary award.

3. This Court has subject matter jurisdiction over the claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

**PARTIES, PERSONAL JURISDICTION AND VENUE**

4. Plaintiff  Havas Worldwide New York, Inc. ("Havas") is a Delaware corporation having its principal place of business at 200 Hudson Street, New York, New York 10013.  Havas is a subsidiary of Havas Creative, Inc. and an indirect subsidiary of Havas S.A., which is one of the largest integrated marketing communications agencies in the world.

5. Plaintiff TD Ameritrade Services Company, Inc. ("TD Ameritrade Services")  is a Delaware corporation having its principal place of business at 200 S. 108th Avenue, Omaha, Nebraska 68154.  TD Ameritrade Services is an affiliate of TD Ameritrade, Inc., a New York corporation which is a registered introducing securities broker-dealer and registered investment advisor. TD Ameritrade Services provides marketing and advertising services to TD Ameritrade, Inc.  As used herein, "TD Ameritrade" shall refer collectively to TD Ameritrade, Inc. and its affiliate TD Ameritrade Services Company, Inc.

6. Upon information and belief, Defendant Lions Gate Entertainment Inc. is a Delaware corporation whose principal place of business is at 2700 Colorado Avenue, Santa Monica, California 90404, and which maintains an office for the regular conduct of business at 75 Rockefeller Plaza, New York, New York 10019, within this judicial District.  Lionsgate is a diversified global entertainment company whose business includes motion picture production and distribution.

7. This Court has personal jurisdiction over Lionsgate because it maintains an office for the regular conduct of business within the state of New York, because it transacts business within this state on a systematic and continuous basis, and because a substantial portion of the acts giving rise to the claims in this action occurred within the state of New York..

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because defendant resides within this District and because a substantial part of the events giving rise to the claims occurred within this District.

## PLAINTIFFS AND THEIR ADVERTISING CAMPAIGN

9. TD Ameritrade, Inc.  is a leading provider of securities brokerage services and technology-based financial services to retail investors, traders and independent registered investment advisors.  One of the many services it offers is management of individual retirement accounts (IRAs), as well as providing information about retirement, IRAs and retirement plan rollovers.

10. During 2014, Havas created an advertising campaign for TD Ameritrade Services, designed to appeal to individuals rolling over employer 401(k) accounts into IRAs (the "Campaign").  The Campaign consisted of ads in various channels, including short online video

(OLV), digital display, social media, television and print. The Campaign also included pages on the TD Ameritrade website and communications to TD Ameritrade clients. The Campaign was scheduled to run, and did run, only between October, 2014 and April, 2015.

11. The Campaign advertisements consisted of variations on a basic design concept. All featured simple, cartoonlike graphics, using TD Ameritrade's primary brand colors of white, bright green and dark green. Each different basic design had a principal tagline appearing in large green type. Advertisements using different basic designs ran in rotation in all media. In all advertisements and communications, the name and logo of TD Ameritrade was clearly visible and prominent.

12. In one of the basic designs, which represented only a small percentage of the overall Campaign, the tagline was "Nobody puts your old 401(k) in the corner" (or "Nobody puts your old 401(k) in a corner"). The tagline appeared under a cartoon graphic of a man holding a piggy bank above his head. Some social media versions of this ad also used the line "Take that baby and roll it over to an IRA." A true and correct copy of a print media ad using this tagline and graphic is attached to and made a part of this Complaint as Exhibit 1.

### DEFENDANT'S INFRINGEMENT CLAIM

13. Upon information and belief, Lionsgate is the owner of the copyright in and to the 1987 motion picture *Dirty Dancing,* starring Patrick Swayze and Jennifer Grey.

14. In a letter dated April 2, 2015, counsel for Lionsgate asserted that "one of the most (if not the most) famous lines of *Dirty Dancing* is "Nobody puts Baby in a corner." The letter went on to assert that Lionsgate owns trademark rights in that line and alleged that

4

plaintiffs' ads featuring the tagline "nobody puts your old 401(k) in a/the corner" (the "Accused Ads") infringed those rights.

15. The April 2 letter also alluded in passing to Lionsgate's copyright in the film and described the artwork depicting a man lifting a piggy bank above his head as the "Infringing Artwork."

16. The April 2 letter demanded that, *inter alia,* TD Ameritrade immediately cease all use of the Accused Ads and pay Lionsgate a seven figure amount to settle its claim.

17. In a letter dated April 9, 2015, the General Counsel for Havas responded by denying any infringement of Lionsgate's rights. By that time, the Campaign was virtually over, and the April 9 letter advised that in the interest of resolving the issue amicably, Havas and TD Ameritrade would remove and permanently cease all use of the Accused Ads.

18. In subsequent correspondence and communications, Lionsgate has expressly asserted that it will commence a civil action against Havas and TD Ameritrade for trademark infringement and related Lanham Act and unfair competition claims unless plaintiffs pay a substantial sum of money to Lionsgate to settle their claim.

19. The Campaign permanently concluded during April, 2015. Plaintiffs will not use in any manner any Accused Ad in the future.

20. At no time has Lionsgate ever asserted that the Accused Ads created any actual confusion, and plaintiffs are aware of no actual confusion arising from their use.

5

21. None of the Accused Ads used the line "Nobody puts Baby in a corner" or used any clips, stills, music dialogue or material of any kind from the motion picture *Dirty Dancing*.

22. Lionsgate does not own a Federal trademark registration for NOBODY PUTS BABY IN A CORNER.

23. Lionsgate owns three pending applications for Federal registration of NOBODY PUTS BABY IN A CORNER, all filed on September 6, 2014 (the "Lionsgate Applications").

24. The Lionsgate Applications allege an intent to use the mark on a range of collateral goods related to the motion picture, such as books and other paper-based items, clothing, and household items, but state no intent to use the mark on or in connection with financial services, or services of any kind.

25. The Lionsgate Applications also allege that the alleged trademark NOBODY PUTS BABY IN A CORNER was being used in commerce, as of September 6, 2014, as a trademark for blank journals, postcards, posters, stickers, shirts and tops, infantware, beverageware and plastic water bottles. They do not allege any prior use of the mark on or in connection with financial services, or services of any kind.

**FIRST CAUSE OF ACTION (DECLARATORY JUDGMENT)**

26. Plaintiffs repeat and incorporate by reference paragraphs 1 through 25 above as though fully set forth herein.

27. Lionsgate owns no trademark rights in the phrase "Nobody puts baby in a corner" merely by virtue of its inclusion in *Dirty Dancing*.

28. Any trademark rights owned by Lionsgate in "Nobody puts Baby in a corner" stem only from its licensed use on certain collateral goods, all of which are highly dissimilar from the financial services provided by TD Ameritrade. Plaintiffs made no use of "nobody puts your old 401(k) in a corner" on goods of any kind.

29. The phrase "nobody puts your old 401(k) in a corner" is easily distinguishable from and is not confusingly similar to "Nobody puts Baby in a corner."

30. Upon information and belief, the Accused Ads created no confusion while they ran. Because the Accused Ads will not run again, there is no possibility of confusion arising in the future.

31. By creating and running the Accused Ads, plaintiffs did not infringe any statutory or common law trademark rights of Lionsgate. Nor did the Accused Ads constitute a false designation of origin under Section 43(a) of the Lanham Act, trademark dilution under Section 43(c) of the Lanham Act or any state law, or common law unfair competition.

32. Nothing in the Accused Ads constituted any infringement of any copyright owned by Lionsgate.

33. There is no basis in law for any monetary award to Lionsgate arising from plaintiffs' creation and running of the Accused Ads.

34. Notwithstanding the lack of basis of any such claim, Lionsgate has expressly threatened to sue Havas and TD Ameritrade unless it is paid a substantial amount of money. Havas and TD Ameritrade have refused to do so. As the party which contracted for and approved the Accused Ads, TD Ameritrade Services is also potentially liable on such a claim.

35. The allegations and threats set forth in communications from Lionsgate to plaintiffs makes clear that there is a substantial controversy between the parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

36. As a result of the foregoing, plaintiffs are entitled to a declaratory judgment that its actions in connection with the Accused Ads infringe no rights of Lionsgate and do not entitle Lionsgate to any monetary award.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment against Lionsgate that:

a. Plaintiffs have infringed no rights of Lionsgate; and

b. Lionsgate is not entitled to any monetary award from plaintiffs; and

c. Plaintiffs shall be awarded its reasonable attorneys' fees and costs of this action as provided by law, together with such other and further relief as the Court may deem just and proper.

Dated: June 26, 2015
New York, New York

FOLEY & LARDNER LLP

By: s/ *Andrew Baum*
Andrew Baum
90 Park Avenue
New York, New York 10016
Tel: (212) 338-3527
Fax: (212) 687-2329

*Attorneys for Plaintiffs*
Havas Worldwide New York, Inc.,
and TD Ameritrade
Services Company, Inc.